FILED
**Aug 22, 2024**
**09:05 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **MUSSHUR MEENER,** | ) | **Docket No.:  2023-08-03737** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AMAZON,** | ) | |
| **Employer,** | ) | |
| **And** | ) | **State File No.: 860283-2023** |
| **AMERICAN ZURICH INSURANCE CO.,** | ) | |
| **Carrier,** | ) | |
| **And** | ) | |
| **TROY HALEY, as ADMINISTRATOR of** | ) | |
| **the BUREAU OF WORKERS'** | ) | |
| **COMPENSATION, SUBSEQUENT INJURY** | ) | |
| **& VOCATIONAL RECOVERY FUND.** | ) | **Judge Shaterra R. Marion** |
| | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an expedited hearing on August 13, 2024. Mr. Meener requested medical and temporary disability benefits for injuries to his neck, shoulder, low back, and legs. Amazon argued that Mr. Meener did not provide proper notice. The Court agrees and denies the requested benefits.

### History of Claim

Mr. Meener testified that on April 22 and 23, 2023, he pushed 2,000-3,000 heavy boxes that injured his back. On April 22, he went to the onsite clinic and received bio freeze and a heat pack for back pain. Amazon created the workers' compensation referral notification, on June 23, that states he went to the clinic on April 22 "to self-treat chronic back pain" and that he returned to work without incident.

He testified he knew he had a work injury by April 23 and notified Amazon four days later, on April 27, by taking a letter to the human resources desk. He spoke with Anthony, who Mr. Meener described as a human resources manager. Another employee, Melody, witnessed the conversation. Mr. Meener asked Anthony to give the letter to the plant manager because his pain made walking difficult, and Anthony agreed.

Mr. Meener also said that he could not deliver the letter to the plant manager because he was parked in visitor parking. Additionally, a record of him "punching in" on April 27 shows he was in the building and thus, according to him, shows he delivered the letter on that date.

Amazon admitted his presence on April 27 but denied he reported the injury. Brennan Reeves, the human resources manager, testified by declaration that Amazon has an electronic system to log all associate engagements. He explained that neither Anthony nor Melody logged that they were made aware of Mr. Meener's injury in April 2023.

Instead, Mr. Reeves stated that Amazon first learned of an injury allegation on June 23, when Mr. Meener completed and signed an "initial report form."

After he delivered the letter on April 27, Mr. Meener states he was told to call a human resources number to report the injury. At one point he testified he called after his second emergency room visit, on June 10, however, later he said he called the number "that very night," referring to April 27. He also said camera footage should have captured him delivering the letter, but the camera was not working that day. Neither party provided proof of the human resources call nor the camera allegations.

In his May 30 petition, Mr. Meener alleged he notified Terrance with Amazon's onsite clinic on May 19, but he could not answer why he put May 19 as his notice date. He testified that everything in the petition was correct, but he did not know the manager's name.

**Findings of Fact and Conclusions of Law**

Mr. Meener has the burden of proving he is likely to prevail at a hearing on the merits on his claim for medical and temporary benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2023); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

An employee must give written notice of a work-related injury within 15 days of the work accident, unless the employee can show his employer had actual knowledge of his injury or he had a reasonable excuse for not giving notice within 15 days. Tenn. Code Ann. § 50-6-201(a)(1).

In *Ernstes v. Printpack*, the Appeals Board instructed that trial courts evaluating the issue of notice should consider the steps below:

A. Did the employee provide timely written notice of the alleged work-related injury?

B. If no timely written notice was provided, did the employer have "actual knowledge" of the alleged work-related accident or injury?

C. If no timely written notice was provided and no actual knowledge has been proven, did the employee show a "reasonable excuse" for the failure to give proper notice to the employer?

D. If the court determines that: (1) no timely written notice was provided; (2) the employer did not have actual knowledge of the alleged accident or injury; and (3) the employee did not prove a reasonable excuse for the failure to give timely notice, the claim should be denied and dismissed.

2023 TN Wrk. Comp. App. Bd. LEXIS 25, at *34-35 (June 6, 2023).

Here, Mr. Meener did not provide timely written notice within 15 days of his injury. Although he claimed that he gave written and verbal notice on April 27, the Court does not find his testimony credible nor consistent with the evidence. He completed, and signed, the "initial incident form" on June 23. Also, he stated he gave notice on May 19 in his petition for benefit determination. His testimony seemed defensive with no explanations for the inconsistencies. *See Kelly v. Kelly*, 445 S.W.3d 685, 694-695 (Tenn. 2014) (discussing indicia of witness credibility). Further, Amazon had no record of any conversation between Anthony and Mr. Meener in their system.

Next, the Court must determine whether Amazon had actual knowledge of the alleged work-related injury. They did not. He went to the onsite clinic on the day of his injury but said he needed treatment for his chronic back pain, not a work-related injury. Additionally, as stated above, the Court did not find Mr. Meener's testimony of verbal notice on April 27 credible.

The final question is whether Mr. Meener provided a reasonable excuse for his failure to give timely notice. Mr. Meener did not argue reasonable excuse for his failure to give timely notice, as he claimed he gave timely notice.

The Court holds that Mr. Meener is unlikely to prevail at a hearing on the merits on the issue of timely notice. His request for benefits is denied at this time.

**IT IS THEREFORE ORDERED** as follows:

1. Mr. Meener's request for medical and temporary disability benefits is denied at this time.

2. The Court sets **a status conference for October 15, 2024 at 2:00 p.m.** The parties must call **(866) 943-0014** to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED August 22, 2024.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Nova Medical Records from July 3, 2023
2. Job Duty Sheet Submitted by Mr. Meener
3. Baptist Hospital Records from June 10, 2023
4. Workers' Compensation Referral and Initial Report Form dated June 23, 2023
5. X-Ray Results and Chiropractor Records
6. Amazon Physician Statement Dated June 10, 2023
7. Medical Bills Submitted by Mr. Meener
8. Petition for Benefit Determination filed May 30, 2023
9. Baptist Hospital Records from April 30, 2023
10. Rule 72 Affidavit of Brennan Reeves

Marked for Identification Only:
11. Email sent from Mr. Meener to himself dated April 27, 2023 (late-filed)

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on August 22, 2024.

| Name | Regular Mail | Email | Sent to |
|---|---|---|---|
| Musshur Meener, Employee | X | X | 947 S Willett Street Memphis, TN 38114 musshurfragranceworld@gmail.com |
| Troy Hart, Megan Jones, Employer's Attorneys | | X | wth@mijs.com majones@mijs.com |
| Timothy Kellum, Subsequent Injury Fund | | X | timothy.kellum@tn.gov |

_____
Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*